UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X
                                 :

**MIRIAHM PALOMA**,
                                 :

                 Plaintiff,
                                 :   **MEMORANDUM AND ORDER**

          – against –
                                 :   21-CV-6041 (AMD)(JRC)

                                 :

**LASERSHIP** and **ISRAEL LUCIANO**,
                                 :

                Defendants.
                                 :
--------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      On October 26, 2021, the plaintiff Miriahm Paloma filed this pro se civil action, alleging

violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age

Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*  She did not submit the filing fee.

Her initial application to proceed *in forma pauperis* ("IFP") was insufficient to establish

indigency that would entitle her to proceed without the prepayment of fees, because it did not

state the source or amount of her income or provide any information about her assets or monthly

expenses.  (ECF No. 2.)  By Order dated November 9, 2021, the Court directed the plaintiff to

pay the filing fee or file a Long Form IFP application to cure this deficiency.  (ECF No. 4.)  The

plaintiff submitted the Long Form application on November 18, 2021, but it is equally deficient.

      The plaintiff now asserts that her average monthly income from employment during the

past 12 months is $9,246.86.  (ECF No. 5 at 1.)  She also states that her employment with

Lasership lasted for approximately four months and that her gross monthly pay for this

employment was $1,312.91.  (*Id.* at 2.)  She strikes a line through all boxes for other income,

bank accounts, assets and, most notably, living expenses.  (*Id.* at 1-5.)  The only other financial information she provides is her claim that the City of New York owes her $200.  (*Id.* at 3.)

Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350 plus an administrative fee of $52, for a total of $402.  Under 28 U.S.C. § 1915, the Court may waive the filing fee upon finding a plaintiff indigent.  A plaintiff seeking to proceed IFP must submit an affidavit stating "that the person is unable to pay such fees or give security therefor" and must also include "a statement of all assets" the person possesses.  28 U.S.C. § 1915(a)(1).  The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Pinede v. NYC Dep't of Env't Prot.*, No. 12-CV-6344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013).  The renewed application for IFP status is both incomplete and implausible.  The plaintiff does not provide any information about her assets or expenses, including those related to rent and food.  Based on this information, the Court finds that the financial declarations do not support a showing of indigency, and thus the application to proceed IFP is denied.

Should the plaintiff wish to proceed with this lawsuit,[1] she is directed to pay the $402 fee to the Clerk of Court of the Eastern District of New York within 14 days from the date of this order.  If she fails to submit the filing fee within the time allowed, or to present evidence of indigency, the action will be dismissed without prejudice.  The Clerk of Court is requested to send a copy of this order to the plaintiff, along with a Long Form IFP application and a Title VII complaint form.

---

[1] Before investing in this litigation, the plaintiff may wish to consider whether she has met the jurisdictional requirements for bringing an employment discrimination lawsuit under Title VII of the Civil Rights Act of 1964, which requires that plaintiffs first pursue remedies with the federal Equal Employment Opportunity Commission ("EEOC") or equivalent state or local agency.  The plaintiff's complaint did not allege that she had previously filed a charge with the EEOC or other agency and had received a Right-to-Sue letter.  (ECF No. 1 at 6.)  If the Court finds that it does not have jurisdiction over the case, the lawsuit may be dismissed, regardless of whether the plaintiff pays the filing fees.

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
         December 5, 2021